[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a two count action to collect certain "additional rent" allegedly due under an office lease dated September, 1987, amended by a rider dated December 31, 1987, for second floor space on the second floor of a building known as Putnam Park West, located at 100 Great Meadow Road, Wethersfield.
Plaintiff claims that the defendant Fahnestock Co., Inc., promised to pay as an additional rent under the amended lease its proportionate share of the buildings real estate taxes and other operating expenses and failed to do so for the years 1990, 1991 and 1992, amounting to $31,413.27 and is further obligated to pay late charges, interest and reasonable attorneys fees in the additional total amount of $28,263.02.
Defendant has filed several special defenses claiming essentially that plaintiff failed to bill defendant in a proper manner as required by the lease and its failure to do so properly and in a timely fashion waived its rights to collect such additional rent. Defendant further claims that the mutual termination of the lease and surrender of the premises at the end of November, 1992, released the defendant from any, further obligation with respect to the additional rent.
 I
The provisions for the additional rent are contained in the rider to the lease dated December 31, 1987, set forth the method of computation and contains the following provision with respect to billing:
 "(d)(i) On or before March 1 of each calendar year (or as soon thereafter as practical), Landlord shall deliver to Tenant a statement, certified by a partner of Landlord, of Tenant's proportionate share of Excess Expenses for the preceding year."
On July 24, 1990 the plaintiff had billed the defendant for the 1988 and 1989 additional rent. A partner of plaintiff explained that late billing due to an ongoing dispute with plaintiffs mortgagee but these bills were eventually paid by defendant in November 1990. The additional rent charges in dispute, for the years 1990, 1991 and 1992, were not sent to the defendant until September 12, 1994, with an explanation that the billing had been delayed because of "lengthy litigation" with its first CT Page 4274 mortgagee. A subsequent letter dated December 5, 1994, also requested payment. While defendant has not disputed the computation or amount of the disputed additional rent, it has failed to pay the same.
In denying that it owes any additional rent defendant has filed seven "special defenses" alleging variously that plaintiff failed to perform its obligations under the lease, committed material breaches, waiver and laches; further that the rent claims are tolled by the termination of the lease and the statute of limitations.
 II
Defendant primarily contends that because plaintiff failed to comply with paragraph (d)(i) of the rider quoted above by delivering a certified statement of the additional rent for each year by March 1 of the subsequent calendar year, defendant has no obligation to pay such rent or any associated charges.
Consideration of the language in the lease rider and of the evidence presented at trial leads to the conclusion that the plaintiff has sufficiently proven the amount of additional rent due and that considering all of the circumstances, that a statement sufficient to meet the terms of paragraph (d)(i) was presented to the defendant as soon after the March 1 date "as practical".
Basic to this conclusion are the following facts found and legal conclusions reached.
1. The plaintiff and defendant were both parties sophisticated in dealing with leases and additional rent clauses of the kind involved in this case.
2. The additional rent for the years 1989 and 1999 was paid without question even though a statement requesting payment was not made until July 24, 1990. This established an atmosphere in which future late statements would be tolerated. Because the additional rent consisted mainly of defendants proportionate share of taxes, there was no possibility that there would be no additional rent so defendant could not claim surprise when it finally got the bills. In fact is made no claim of surprise.
3. The language in the rider does not make delivery of a statement sufficiently time conscious so as to create a March 1 delivery requirement or pre-condition to payment. No language is used to indicate a "time is of the essence" condition such as a penalty or liquidated damage clause. Indeed the language contains the phrase "or as soon CT Page 4275 thereafter as is practical". Under such circumstance it is presumed that time is not of the essence. Mihalyak v. Mihalyak, 11 Conn. App. 610
(1987).
4. The statements for the three years in question, undoubtedly delivered rather late, were not delivered so late as to make the rents uncollectible, because the negotiations between plaintiff and its first mortgagee to arrive at the agreed upon additional rents were commercially understandable and the delayed billing did not prejudice the defendant in any way. The defendant had previous notice of the ongoing dispute between plaintiff and its mortgagee in connection with the additional rent for 1998 and 1999. The credibility of plaintiffs explanation for the delay in billing was not challenged and it is found that the billings were made as soon as practical.
5. The statements, accompanied by letters from Mr. Henney, a partner of the plaintiff, were sufficient to meet the "certified" requirement of paragraph (d)(i) because even though the exhibits of the letters introduced into evidence were unsigned filed copies, Mr. Henney clearly testified that he had written and signed these letters.
 III
Defendant claims that notice of the rent billings were not received until after it gave up possession under the terminated lease and therefore the additional rent were not collectible, is not borne out by the cases cited. This case does not involve an action for breach of lease as did the case of K R Realty Associates v. Gagnon, 33 Conn. App. 815,819 (1994) relied on by the defendant. There was no evidence to support a belief by the defendant that the termination of its lease precluded any claims for uncollected rent.
 IV
The arguments raised by the defendant while not persuasive, have some substance in view of the long delay in billing by the plaintiff without some formal notification to the defendant that additional rent was being computed and would be due, together with an approximation of the amounts. Defendant has raised several equitable defenses including laches, which is sufficient, in view of all the circumstances, to negate the claims of plaintiff for interest, late charges and legal fees. SeeCable Company Assignee v. MGMR Associates, judicial district of Hartford, No. CV 95 0553581 (October 12, 1999, Wagner, J.).
Damages are awarded to the plaintiff in the amount of $31,413.27. CT Page 4276
Wagner, TJR.